UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 3:22-cr-99 |
| v. ) | |
| ) | JUDGES CRYTZER/POPLIN |
| BRIAN NOLBERT ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, the defendant, Brian Nolbert, and the defendant's attorney, Michael Menefee, have agreed upon the following:

1. The defendant will plead guilty to Count One in the First Superseding Indictment, which charges the defendant with conspiracy to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The punishment for this offense is a minimum term of imprisonment of at least ten years and up to life, a term of supervised release of at least five years and up to life, a fine of up to $10,000,000, any applicable forfeiture, and a $100 special assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to request that the Court, at the time of sentencing, dismiss the remaining counts against the defendant in the First Superseding Indictment.

3. The defendant has read the First Superseding Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is, in fact, guilty.

4. To be found guilty, the defendant agrees that each of these elements must be proved beyond a reasonable doubt: (1) the defendant agreed with others to violate the federal drug laws, (2) the defendant joined the conspiracy knowingly and intentionally, (3) the defendant participated in the conspiracy, and (4) the overall scope of the conspiracy involved the distribution of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers.

5. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence.

Beginning in the summer of 2022, agents with the Federal Bureau of Investigation and deputies with the Knox County Sheriff's Office began investigating a drug-trafficking organization distributing large quantities of ice methamphetamine in the Eastern District of Tennessee. The defendant was a dealer who obtained quantities of ice methamphetamine from one or more suppliers in the conspiracy for resell and distribution.

Specifically, between on or about August 25, 2021 and on or about September 1, 2021, the defendant, on behalf of the drug-trafficking organization (and within the Eastern District of Tennessee), distributed and conspired with others to distribute

approximately three ounces of ice methamphetamine to a confidential informant in exchange for $1,200 in U.S. Currency.

The defendant admits that he conspired with others to violate the federal drug laws. The defendant also admits that he participated in the conspiracy and entered it knowingly and intentionally. The defendant further admits that he obtained and distributed over 50 grams of ice methamphetamine in furtherance of a drug-trafficking conspiracy within the Eastern District of Tennessee. Under *Federal Rule of Criminal Procedure* 11(c)(1)(B), the parties agree and stipulate that, for sentencing purposes, the defendant is personally responsible for conspiring to distribute at least 50 grams but less than 150 grams of ice methamphetamine.

6. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

7. The parties agree that the appropriate disposition of this case would be the following as to each count:

   a) Under *Federal Rule of Criminal Procedure* 11(c)(1)(C), the United States and the defendant agree that a sentence of 120 months' imprisonment, followed by a lawful term of supervised release, is the appropriate disposition in this case;

   b) The United States and the defendant also agree that the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as applicable; and

   c) If the Court declines to accept this agreement, either party is free to withdraw from the plea agreement.

8. The defendant agrees to pay the special assessment before sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those

which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the defendant agrees to send all money judgment payments to the United States Marshals Service. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant further agrees to cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

10. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or

5

Case 3:22-cr-00099-KAC-JEM   Document 63   Filed 02/22/24   Page 5 of 9   PageID #: 232

restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. To facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant also agrees to the following terms and conditions:

a) If requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c)  If requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a)  The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b)  The defendant will not file any motions or pleadings under 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c)  The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement (including failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute-of-limitations defense and any constitutional or speedy-trial or double-jeopardy defense. The defendant also understands that a violation of this plea agreement does not entitle the defendant to withdraw the defendant's guilty plea(s).

13. The United States will file a supplement as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises,

undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all parties and that all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

February 22, 2024
Date

By: _____
RUSS SWAFFORD
Assistant United States Attorney

2-22-2024
Date

_____
BRIAN NOLBERT
Defendant

2-22-2024
Date

_____
MICHAEL MENEFEE
Attorney for the Defendant

9